Ralph **DAVIS**, Appellant,

v.

Edward J. **DERWINSKI**, Secretary of Veterans Affairs, Appellee.

No. 90–611.

United States Court of Veterans Appeals.

March 31, 1992.

Before STEINBERG, Associate Judge.

ORDER

On August 19, 1991, the Court ordered proceedings in this case stayed pending its decision in the case of *Gardner v. Derwinski*, 1 Vet.App. 584 (1991), *appeal docketed* (Fed.Cir. Mar. 10, 1992). On November 25, 1991, the Court issued a decision in *Gardner* invalidating the regulatory provision in 38 C.F.R. § 3.358(c)(3) (1991) as inconsistent with the statutory rights granted to veterans by 38 U.S.C. § 1151 (formerly § 351). *Gardner*, 1 Vet.App. at 588. On January 10, 1992, the Court denied motions for reconsideration by the panel and for en banc review of the *Gardner* decision.

On December 18, 1991, appellant filed a motion for summary reversal of the March 16, 1990, Board of Veterans' Appeals (BVA or Board) decision here on appeal, asserting that the BVA relied upon § 3.358(c)(3) to deny appellant's claim for benefits, and that, in light of the decision in *Gardner* invalidating that regulation, appellant is entitled to benefits under 38 U.S.C. § 1151. On January 27, 1992, the Court ordered the Secretary to show cause why appellant's motion for summary reversal should not be granted. On February 18, 1992, the Secretary filed a response to the Court's order, along with motions for remand to the BVA and for a stay of proceedings. The Secretary asserts that the case must be remanded to the BVA to allow it to make necessary factual findings as to whether the veteran suffers from disability as the result of a hospitalization or medical or surgical treatment provided by the Veterans' Administration (now Department of Veterans Affairs) (VA).

The controlling statute, 38 U.S.C. § 1151, provides entitlement to benefits when a veteran has "suffered an injury, or an aggravation of an injury, as the result of

[VA] hospitalization [or] medical or surgical treatment, ... [provided] under the laws administered by the Secretary ... and such injury or aggravation results in additional disability to or the death of such veteran". In its March 16, 1990, decision, the Board found that the veteran "developed symptoms *consistent with* a diagnosis of *possible* non-A non-B hepatitis secondary to blood transfusions during the July 1986 bypass surgery." *Ralph Davis*, BVA 90–12058, at 6 (Mar. 16, 1990) (emphasis added). It is apparent that the Board did not make specific factual findings necessary to determine entitlement to benefits under section 1151 as construed in *Gardner*. "Because [this Court] is a court of review, it is not appropriate for us to make a de novo finding, based on the evidence," regarding the existence and causation of hepatitis. *Webster v. Derwinski*, 1 Vet. App. 155, 159 (1991).

On consideration of the foregoing, it is

ORDERED that the Secretary's motion for remand is incorporated herein and granted to the extent provided herein, and the Board's March 16, 1990, decision is vacated and the matter is remanded, pursuant to 38 U.S.C. § 7252(a) (formerly § 4052(a)), for prompt readjudication in light of this Court's opinion in *Gardner*. The BVA shall make specific findings of fact as to whether the veteran suffers disability as the result of VA hospitalization or medical or surgical treatment. The new decision shall contain an adequate statement of the Board's conclusions of fact and law, including the applicability of the benefit-of-the-doubt rule under 38 U.S.C. § 5107(b) (formerly § 3007), and reasons or bases therefor. *See Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991) (remand is not "merely for the purposes of rewriting the opinion so that it will superficially comply with the 'reasons or bases' requirement of 38 U.S.C. § 7104(d)(1) (formerly § 4004) [but] is meant to entail a critical examination of the justification for the decision"). A final decision by the Board following the remand herein ordered will constitute a new decision which may be appealed to this Court only upon the filing of a new Notice of Appeal with the Court not later than 120 days after the date on which the decision is mailed to appellant. It is further

ORDERED that appellant's motion for summary reversal is denied.