Harland J. HARTMAN, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 91–383.

United States Court of Veterans Appeals.

July 24, 1992.

Before IVERS, Associate Judge.

## MEMORANDUM DECISION

IVERS, Associate Judge:

Harland J. Hartman appeals a December 28, 1990, decision of the Board of Veterans' Appeals (BVA or Board) which denied his claim for compensation benefits under the provisions of 38 U.S.C. § 1151 (formerly § 351) for the amputation of his right leg which became infected following surgery for his service-connected duodenal ulcer. Specifically, the Board held that, because the veteran's knee infection and amputation were not caused by carelessness or negligence on the part of the Department of Veterans Affairs (VA), the criteria for compensation benefits under 38 C.F.R. § 3.358(c)(3) (1991) had not been met and the claim must therefore be denied. The Secretary of Veterans Affairs (Secretary) initially moved the Court for remand pursuant to *Gilbert v. Derwinski,* 1 Vet.App. 49 (1990), for development of the reasons or bases upon which the BVA decision was based. On November 21, 1991, the Court denied the Secretary's motion for remand and ordered that a brief be filed in this case. Subsequent to that order, the Court issued its decision in *Gardner v. Derwinski,* 1 Vet.App. 584 (1991), which invalidated § 3.358(c)(3) on the grounds that it was contrary to statutory authority. In his brief, the Secretary acknowledges that *Gardner,* as well as *Look v. Derwinski,* 2 Vet.App. 157 (1992), are dispositive of this appeal, but he seeks "remand for readjudication in a manner consistent with the Court's decisions in [*Gardner* and *Look*]." Appellee's Br. at 19. To this end, the Secretary moves the Court to vacate its order of November 21, 1991, denying the motion for remand. In his reply brief, appellant opposes remand for further adjudication, and instead moves the Court "to vacate the [BVA] decision of December 28, 1990[,] and to grant the benefits sought." Appellant's Reply Br. at 4. The Court has jurisdiction of the case pursuant to 38 U.S.C. § 7252(a) (formerly § 4052(a)).

▪ Because the BVA based its decision in this case on the regulation that the Court invalidated in *Gardner,* the case cannot be affirmed on those grounds. The issue presented here is whether the case must be remanded for further development of the facts and readjudication of the claim or whether the findings of fact are sufficiently developed as to the requirements for an award of benefits under the statute and the regulation—particularly the requirements regarding causation under § 3.358(c)(1)—for the Court to reverse the decision and remand the case for an appropriate disability rating.

Section 1151 provides entitlement to benefits when a veteran has "suffered an injury, or an aggravation of an injury, as the result of hospitalization [or] medical or surgical treatment, ... [provided] under any of the laws administered by the Secretary ... and such injury or aggravation results in additional disability to or the death of such veteran." 38 U.S.C. § 1151. More specifically, 38 C.F.R. § 3.358(c) provides in pertinent part that

[i]n determining whether such additional disability resulted from a disease or an injury or an aggravation of an existing disease or injury suffered as a result of ... hospitalization [or] medical or surgical treatment ... the following considerations will govern:

(1) It will be necessary to show that the additional disability is actually the result of such disease or injury or an aggravation of an existing disease or injury and not merely coincidental therewith.

38 C.F.R. § 3.358(c)(1).

With regard to whether the infection of the veteran's right knee, which led to the subsequent above-the-knee amputation of his right leg, was the result of the gastric surgery for the "upper [gastrointestinal] bleed" for which the patient was admitted to the VA Medical Center (R. at 65), the BVA noted in the DISCUSSION AND EVALUATION section of its decision that "the most likely explanation for the sepsis was the infection at the operative site which, despite local control, resulted in bacteremia which ultimately involved the knee." *Harland J. Hartman,* BVA 90–45860, at 5 (Dec. 28, 1990). (Sepsis is defined as "a toxic condition resulting from the spread of bacteria or their products from a focus of

infection." WEBSTER'S MEDICAL DESK DICTIONARY 648 (1986).) In addition, the Board noted that the "veteran's age, vascular problems and diabetes contributed to his poor response to properly selected antibiotics" and that the "organisms involved, in particular, methicillin resistant [s]taph aureus and [p]seudomonas, proved intractable to treatment." *Hartman*, BVA 90–45860, at 5. In keeping with this Court's holding in *Colvin v. Derwinski*, 1 Vet.App. 171 (1991), the Board supported the medical conclusion that the "infection which developed was a foreseeable risk of gastric surgery, particularly in a patient who was as physically compromised as was this veteran", by citing to a medical treatise, namely S.I.S. Schwartz, G.T. Shuris & F.C. Spencer, PRINCIPLES OF SURGERY 471 (1989). *Hartman*, BVA 90–45860, at 5; *see also* Appendix B to Appellant's Br. at B3–B4.

 Under 38 U.S.C. § 7261(a)(4) (formerly § 4061(a)(4)), this Court may overturn findings of fact made by the BVA only if such findings are "clearly erroneous". *Gilbert*, 1 Vet.App. at 52. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948), *quoted in Gilbert*, 1 Vet.App. at 52. Although the record includes the opinion of Dr. Turner Camp that "amputation of an extremity is not a foreseeable complication of gastric surgery" (R. at 48), the Court notes that the Board considered this evidence but accorded more weight to the evidence of the medical treatise which took into account patients whose states are as physically compromised as was the veteran's. In reviewing the evidence of record, the Court is not left with the definite and firm conviction that a mistake has been committed by the BVA in weighing the evidence as it did. Because the Board's decision addresses and decides the question of causation, the Court finds remand for readjudication of the claim unnecessary. *See Contreras v. Derwinski*, 2 Vet.App. 275 (1992) (order denying Secretary's motion for remand where the Board's decision addressed and decided the question of causation); *cf. Davis v. Derwinski*, 2 Vet.App. 276 (1992) (order remanding case to the BVA to allow it to make necessary factual findings as to causation).

Accordingly, the December 28, 1990, decision of the Board is REVERSED and the case REMANDED to BVA for the assignment of an appropriate disability rating. Because the case is one "of relative simplicity" whose outcome is controlled by our precedents and is "not reasonably debatable", summary disposition is appropriate. *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990).